UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
HOWARD SPIKES,

                                              Petitioner,

        v.                                                                  9:07-CV-1129
                                                                            (DNH)(GHL)
H.D. GRAHAM, Superintendent,


                                              Respondent.
_____
APPEARANCES:                                  OF COUNSEL:

HOWARD SPIKES
Petitioner, *pro se*

HON. ANDREW M. CUOMO                          JODI A. DANZIG, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Counsel for Respondent


GEORGE H. LOWE, U.S. MAGISTRATE JUDGE


                                        **ORDER**

        Petitioner Howard Spikes commenced this habeas corpus proceeding seeking relief from a

judgment of conviction rendered in Onondaga County Court, wherein petitioner pleaded guilty to

the charge of robbery in the first degree and was sentenced to a term of twelve and one-half years

imprisonment.  Dkt. No. 1 at 1.  Among the grounds asserted in support of his request for habeas

corpus relief is a claim that his sentence was harsh and excessive.  Petitioner states that he suffers

from a terminal illness, and asserts that "the sentence imposed is in effect a death sentence."  Dkt.

No. 1 at 5.

        A response to the petition was filed on June 23, 2008.  Dkt. No. 10.  Respondent urges the

denial of petitioner's challenge to his sentence, arguing that it is procedurally barred from federal

habeas corpus review and, moreover, that the claim is not cognizable on habeas review.  *Id.* at 3; *see*

Dkt. No. 8 (Respondent's Memorandum of Law) at 11-14, 25-26.

Petitioner has filed a traverse.  Dkt. No. 13.

By letter dated July 3, 2008, petitioner requested that respondent be directed to expand the record by providing this Court with a copy of the pre-sentence investigation report ("PSI").  Dkt. No. 15.  According to petitioner, the PSI "indicated that [petitioner] suffers from a terminal illness." See Dkt. No. 1 at 5.  Petitioner states that the PSI was an exhibit to the state court CPL 440.10 motion filed by petitioner.  Dkt. No. 15.

In response, respondent's counsel advised that the PSI was not included in the state court records submitted to the Court (see Dkt. No. 11) because it was not provided to counsel by the Onondaga County District Attorney's Office.  Dkt. No. 16.  Counsel states that "[t]he District Attorney's Office normally does not provide the PSI to the Attorney General's Office because it contains confidential information, which may not be disclosed without authorization from the Onondaga County Court."  *Id*. at 1.  Counsel further states that in the event this Court determines that the PSI is relevant to the petition and should be filed in this action, counsel will "obtain the necessary authorization from the County Court and move to file under seal."  *Id.*

Petitioner has filed a reply, reiterating that the PSI was filed in state court as an exhibit to the CPL 440.10 motion and stating that both he and his family have copies of this document.  Dkt. No. 19.

Upon due consideration, the Court declines on the present record to direct respondent's counsel to submit a copy of the PSI.  Should the Court find that the PSI is necessary to a determination of the issues raised in the petition, an appropriate order will issue.

WHEREFORE, it is hereby

ORDERED, that petitioner's request to expand the record (Dkt. No. 15) is denied, and it is

further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated:  September 5, 2008
        Syracuse, New York


_____
George H. Lowe
United States Magistrate Judge